UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

SHEENAH ARENZ, et al.,

        Plaintiffs,

        vs.

Case No. 19-CV-949

INMATE SERVICES CORP., et al.,

        Defendants.

**PLAINTIFF SHEENAH ARENZ'S BRIEF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**

**I: INTRODUCTION**

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the plaintiff Sheenah Arenz (hereinafter "Arenz") moves this Court for an Order granting default judgment against defendants Inmate Services Corp (hereinafter "Inmate") and Marius Nesby (hereinafter "Nesby"). Inmate and Nesby were previously represented in this matter through licensed attorneys at Crivello Carlson, S.C. (hereinafter "Crivello Carlson"); however, Crivello Carlson has since withdrawn their representation, and both Inmate and Nesby have failed to obtain the services of a new counsel despite court order. Inmate and Nesby have also failed to defend this action or file any pretrial submissions.

The Court should grant default judgment in favor of Arenz because (1) Inmate and Nesby have failed to comply with Court Orders, (2) Arenz's complaint demonstrates that she is entitled to relief, (3) Inmate and Nesby have failed to defend against Arenz's claim since Crivello Carlson's withdrawal, and (4) Arenz has provided sufficient evidence of her damages.

1

## II: PROCEDURAL HISTORY

On March 25, 2019, Arenz filed her complaint in Milwaukee County against defendants Inmate and Nesby for (1) assault and battery, and (2) threat of false imprisonment. (Dkt. No. 1). On June 28, 2019, pursuant to 28 U.S.C. § 1446(b), Crivello Carlson filed a Notice of Removal and moved the case to the United States District Court for the Eastern District of Wisconsin. (Dkt. No. 1). On July 26, 2019, Arenz filed a second amended complaint, adding a claim for failure to supervise, control, and train against Inmate. (Dkt. No. 15).

The Court, on July 19, 2019, filed a Trial Scheduling Order that established dates for, among other things, filing settlement reports, pretrial reports, and the commencement of a jury trial. (Dkt. No. 13). Inmate and Nesby, through their attorneys at Crivello Carlson, conducted limited discovery and engaged in settlement negotiations with Arenz's counsel, including take Arenz's deposition on January 9, 2020 (Affidavit of Robert A. Levine (hereinafter "Levine Aff." ¶ 2, Ex. A). In February of this year, the parties engaged in discussions regarding a resolution of the case, which are summarized in the Interim Settlement Report filed under seal. (Dkt. No. 17).

On April 3, 2020, Crivello Carlson filed a motion to withdraw, citing a disintegrated attorney/client relationship that precluded Crivello Carlson from effectively representing the defendants. (Dkt No. 18). Crivello Carlson highlighted the defendants' failure to communicate or cooperate "in the defense and eventual trial of this matter," and their failure to pay legal fees since August 2019. *Id*. A declaration supporting the motion was simultaneously filed by Attorney Samuel C. Hall, where he asserted that both defendants had not "materially cooperated in their defense" for the past sixty days. (Dkt No. 19). This included Inmate's failure to supply materials necessary for the defense of both defendants. *Id*. On May 1, 2020, the Court granted Crivello Carlson's withdrawal, and further ordered that both defendants "shall notify the Court in writing

of the names of their new counsel on or before **June 1, 2020**." (Dkt. No. 20) (emphasis added). Neither defendant has filed any documents with the Court since then. The defendants have also failed to file pretrial materials as required by the Court's scheduling order.

## III: ARGUMENT

### A. Legal Standard.

Pursuant to Fed. R. Civ. P. 55(a), the clerk must enter a party's default when, as shown by affidavit or otherwise, that party has failed to "plead or otherwise defend." Pursuant to Fed. R. Civ. P. 55(b), a default judgment may be entered against a defendant who has failed to defend the acction. The trial court reserves great discretion in assessing the appropriateness of a default judgment. *Vac-Air, Inc. v. John Mohr & Sons*, 471 F.2d 231, 234 (7th Cir. 1973). In exercising their discretion, the Court should "assure that its imposition is merited." *Id*. Although not mandated, the Court may, and routinely does, consider prejudice suffered by a plaintiff in its analysis. *DAVIS v. MERCIER-FRERES*, 368 F. Supp. 498, 499 (E.D. Wis. 1973); *see also Metal Coatings, Inc. v. Conversion Chem. Corp.*, 59 F.R.D. 550, 551 (E.D. Wis. 1973); *see also Rual Trade Ltd. v. Viva Trade LLC*, 549 F. Supp. 2d 1067 (E.D. Wis. 2008) ("In exercising discretion, [the Court will] consider such factors as the possibility of prejudice to plaintiff").

Regarding how a corporation must proceed through litigation, "[i]t is well-established that "[a] corporation is not permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court."" *United States v. Certain Real Prop. Commonly*, 381 F. Supp. 3d 1007, 1008 (E.D. Wis. 2018) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993); *Scandia Down Corp. v. Euroquilt, Inc*., 772 F.2d 1423, 1427 (7th Cir. 1985)); *see also In re IFC Credit Corp.*, 663 F.3d 315, 318 (7th Cir. 2011)

3

("Corporations . . . are not permitted to litigate pro se."). Still, Inmate has failed to secure counsel despite being ordered by the Court to do so by June 1, 2020.

### B. Sheenah Arenz has suffered prejudice as a consequence of Inmate's and Nesby's actions.

The Court should grant default judgment because both defendants have effectively stopped the litigation process through their refusal to cooperate with Crivello Carlson and blatant disregard for multiple Court Orders. Inmate and Nesby has had ample opportunity to secure new counsel or, in Nesby's case, appear *pro se* in this matter. They have not done so.

Pursuant to the Court's Trial Scheduling Order, interim and final settlement reports were filed under seal, which explain the circumstances surrounding the parties limited settlement negotations. (Dkt. Nos. 17, 21).

Further, Inmate's failure to obtain new counsel precludes them from doing even the bare minimum to defense this case. As held in *Certain Real Prop. Commonly,* 381 F. Supp. 3d 1007, 1008 (E.D. Wis. 2018) and the litany of precedent supporting that decision, corporations are not allowed to proceed through litigation without a licensed attorney. Inmate is unable to file any pleadings or appear at any future scheduled hearings in this case.

For over three months now Inmate and Nesby have failed to plead and otherwise defend their cases, a violation of the plain language of Fed. R. Civ. P. 55(a), that justifies an entry of default. Additionally, their continued silence, including defiance of multiple Court Orders, weighs against the presumption of less drastic measures. Arenz has been prejudiced by Inmate's and Nesby's actions such that granting a default judgment in her favor is the only adequate remedy available to her.

### C: Arenz's Evidence of Damages in Support of Default Judgment Motion

Pursuant to Fed. R. Civ. P. 55(b)(2), Arenz offers her medical bills related to the incidents (Levine Aff. ¶ 8, Exs. B-D). Additionally, Arenz offers portions of her deposition testimony, explaining the repeated acts of sexual assault and battery committed against her by Nesby and reciting verbatim verbal threats made to her by Nesby and by another employee at the behest of Nesby, all of which highlight defendant Inmate's failure to properly control, train, and supervise Nesby. (Levine Aff. ¶ 2, Ex. A)

Arenz testified under oath about at least five instances of sexual assault and battery (or threats of same) and threats of false imprisonment that she sustained at the hands of Nesby while he was employed by Inmate. (Levine Aff. ¶ 2, Ex. A 40:4-23; 47:6-18; 50:8-53:19) Arenz also testified regarding her ongoing anxiety and her medical treatment as a result of the conduct of Inmate and Nesby.

### IV. CONCLUSION

Based upon the argument and facts set forth in this motion, the plaintiff, Sheenah Arenz, move the Court to grant judgment against the defendants Inmate Services Corporation and Marius Nesby in the amount of $100,000.00, plus special damages in the amount of $2,482.00 and punitive damages in the amount of $50,000.00, for a total of $152,482.00. Punitive damages are warranted as the facts show that the defendants conduct was in reckless disregard for the right of the plaintiff and reflects a complete indifference to her safety and rights.

Dated at Milwaukee, Wisconsin, this 12th day of June, 2020.

BY: s/ *Robert A. Levine*
ROBERT A. LEVINE
State Bar No. 01011965
Attorney for Plaintiff, Sheenah Arenz
LAW OFFICES OF ROBERT A. LEVINE
630 North Broadway
Milwaukee, WI 53202

5

Phone: (414) 271-9585  
Fax: (414) 271-8506  
Email: rlevine@rlevinelaw.com

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, hereby certifies that on June 12, 2020, he electronically filed the foregoing Brief in Support of Motion for Default Judgment with the Clerk of Court using the CM/ECF filing system, which will send notification of such filing to all CM/ECF participants, and the defendants, Inmate Services Corporation and Marius Nesby are being served forthwith via mail.

LAW OFFICES OF ROBERT A. LEVINE

/s/ Robert A. Levine

Robert A. Levine
State Bar No. 01011965